FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA  2009 NOV 12  AM 12: 24

<u>OCALA</u> Division   CLERK, US DISTRICT COURT
OCALA FL

CIVIL RIGHTS COMPLAINT FORM

Ronald L. Cosner V18581,   CASE NUMBER: 5:09-cv-494-OC-10GRJ
_____   (To be supplied by Clerk's Office)

_____

(Enter <u>full name</u> of each <u>Plaintiff</u> and prison number, if applicable)

v.

Dr. V. Mesa, Judith Torres, Dr. Jorge, in their individual and official capacities,
_____

(Enter <u>full name</u> of each <u>Defendant</u>. If additional space is required, use the blank area directly to the right).
_____ /

ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.  PLACE OF PRESENT CONFINEMENT: Ronald L. Cosner, Lake Correctional
    (Indicate the name and location)
    Institution, 19225 U.S. Highway 27, Clermont, Florida 34715-9025

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

   [If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)

1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form.

    3. Were you denied emergency status? Yes (✓) No ( )

        a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes (✓) No ( )

        b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.     <u>Informal Grievance</u> (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __28th__ day of __October__, 2__009__.

_Ronald L. Cosner_
Signature of Plaintiff

DC 225 (Rev. 9/03)

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No ( )   NOT APPLICABLE

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

  1. What steps did you take? Not Applicable

  2. What were the results? Not Applicable

  3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: Not Applicable


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this 28th day of October, 2009.

Ronald L. Cooner
Signature of Plaintiff

IV.  **PREVIOUS LAWSUITS:**

   A. Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

   B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

   C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1. Parties to previous lawsuit:

      Plaintiff(s): Ronald L. Cosner

      Defendant(s): Dr. V. Mesa, Harry Caulton, Mark Redd, Dr. Colos Gama, Judith Torres, Walter A. McNeil.

   2. Court (if federal court, name the district; if state court, name the county): U.S. District Court Middle District Florida Ocala Division

   3. Docket Number: 5:09-cv-372-Oc-29GRJ

   4. Name of judge: John E. Steele

   5. Briefly describe the facts and basis of the lawsuit: § 1983 Cival Rights Complaint, violation of the defendants to the Plaintiff's 8 amendment rights to the United States Constitution.

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): Is still pending disposition.

   7. Approximate filing date: 8/24/2009

   8. Approximate disposition date: NOT APPLICABLE

   D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case: No, I have not.

DC 225 (Rev. 9/03)

5

_Not Applicable_

V.   **PARTIES**: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

   A.  Name of Plaintiff: _Ronald L. Cosner, V18581_

   Mailing address: _Lake C.I., 19225 U.S. Highway 27, Clermont, Florida 34715-9025_

   B.  Additional Plaintiffs: _NOT APPLICABLE_

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

   C.  Defendant: _Dr. V. Mesa_

   Mailing Address: _Lake Correctional Institution, 19225 U.S. Highway 27, Clermont, Florida 34715-9025_

   Position: _Cheif Health Officer_

   Employed at: _Lake Correctional Institution_

   D.  Defendant: _Judith Torres_

   Mailing Address: _2601 Blair Stone Road, Tallahassee, Florida 32399-2500 (address for Sumter C.I. not known)_

   Position: _Nurse Practitioner_

   Employed at: _Sumter Correctional Institution_

DC 225 (Rev. 9/03)                     6

E. Defendant: Dr. Jorge
   Mailing Address: Lake Correctional Institution, 19225 U.S. Highway 27, Clermont, Florida 34715-9025
   Position: Physician
   Employed at: Lake Correctional Institution

F. Defendant: NOT APPLICABLE
   Mailing Address:
   Position:
   Employed at:

G. Defendant: NOT APPLICABLE
   Mailing Address:
   Position:
   Employed at:

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

The defendant's actions stated in this complaint, subjected the plaintiff, to cruel and unusual punishment, through the use of deliberate indifferance, to his serious medical needs, violating his 8th amendment rights to the United States Constitution. At all times mentioned within this complaint the defendants acted under the color of state law.

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

1.) On Aug. 26th 2009, Ronald Cosner, the plaintiff, attempted suicide by ingesting 2 sharp metal foreign bodies approx. 6-7 inches in length, 2 days later told the medical staff and asked for help. He was given an X-ray and seen Judith Torres, a nurse practitioner, he was complaining of sharp pains when he breathed, partial immobillity, symptoms that would signal the severity of his condition, and the treatment it warranted. Nothing more than the ordering of antacid and over the counter pain medication, was done. No emergency care was given, though warranted.

Statement of Facts, continued:

2.) On Sept. 7th, 2009, the plaintiff filed an emergency grievance, because he was in serious danger of serious permenant injury, surgery, or death. Dr. Jorge, Judith Torres, and Dr. V. Mesa, had chosen an easier and less efficacious form of medical treatment, when endoscopy could have been used to remove the foreign bodies, before they purferated his internal organs, causing serious injury, or death. The foregin bodies with sharp points left inside his stomach, would most likely puncture his organs makeing, surgery nessecity, or cause death.

3.) Cosner continued to cry, scream out in pain, and complain to the nurses everytime he saw them. He noticed Dr. Jorge checking on another patient and called him to his cell door, he told him his symptoms and asked for help, Dr. Jorge replied, "you did this to yourself," "if you wouldn't have swallowed it you wouldn't need any help," "stop swallowing." "You going to swallow anything else"? Cosner said, "no," "please don't let it kill me," "now," "I don't want to die", "I can't reached down there and pull em out". The doctor walked away, Cosner did not know if he would live or die. The plaintiff took this as, "let them do what the bodies going to do, maybe you'll learn a lesson". As if the pain and suffering would detere the plaintiff from a future suicide attempt.

4.) On the 17th of Sept, he recieved a reply to his emergency grievance, saying it was not considered an emergency, but

STATEMENT OF FACT CONTINED:

eleven days later he was sent to the hospital, because the bodies did purferate his organs nearly killing him, and causing permant injury.

6.) On the 18th of Sept., Cosner was examined by Dr. Jorge, 21 days after he told medical staff of his condition. Dr. Jorge told him that he and Dr. V. Mesa would decide his treatment. He told the doctor that it felt like his rectum was being ripped out, when he tried to use the stool. For the next 3 days the plaintiff experienced the worst pain in his life, he could not sleep, use the bathroom, it had hurt when he urinated, he could not laydown, and constantly sceamed and cried due to the pain. On the 21st of Sept., he was seen by Judith Torres, he told her of his symptoms including fever, and pain when he breathed, 24 days after he informed medical about his suicide attempt he was placed on a consultation form, for endoscopy, and was ordered laxative for his constipation, he told her he could not use the stool, due to the ripping pain, and that he believed it had purferated. The consultation process can take weeks, or even months to be schedualed. He contineued to crje and complain, the nurses said that Dr. Jorge and Dr. Mesa, knew about his complaints.

7.) The next 2 days his fever became constant, he could not move, and his other symptoms worsened. On the 23rd at 12:00 AM he got the nurses attention after screaming and begging for help, because one foreign body had went through his stomach and rib cage. At 1:00 AM Dr. Mesa was called, and told them to place him back in his cell. 19 hours later, after crying and screaming all day, he finally arrived at Jacksonville Memorial Hospital. He was sent out at 4:00 pm.

8.) While at the hospital, he recieved endoscopy to remove the body that had gone through his rib cage, several blood transfusions, and surgery for the other body, which punctured his organs in his lowwer abdomen. Mr. Cosner has been still experiencing pain and discomfort. He is disfigured with a large scar on his lowwer abdomen, and 2 small scars where tubes for drainage were placed inside his abdomen for days. He is, and was, being treated for a severe mental illness, and at the time of this violation, was court ordered to under go mental health treatment, at Lake C.I., where all the defendants were employed at the time.

VIII.  **RELIEF REQUESTED**:  State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

A declaration that the acts and omission described herein violated the plaintiff's rights, Compensatory damages in the ammount of $176,000 agianst each defendant, Punative damages in the amount of $200,000 against each defendant, a jury trial on all issues triable by jury, plaintiff's costs in this suit, and any and all other such relief, this honorable court deems, just, proper, and equitable.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this  28th  day of  October , 2 009 .

*Ronald L. Cooner*
(Signatures of all Plaintiffs)

DC 225 (Rev. 9/03)

Exhibit A

Page 2

FILED WITH AGENCY CLERK
SEP 17 2009
Department of Corrections
Bureau of Inmate Grievance Appeals

## PART B - RESPONSE

| COSNER, RONALD | V18581 | 09-6-29288 | LAKE C.I. | H3128S H3127S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

This grievance is not accepted as a grievance of an emergency nature by Health Services, Central Office, Tallahassee.

Your request for administrative appeal is in non-compliance with the Rules of the Department of Corrections, Chapter 33-103, Inmate Grievance Procedure. The rule requires that you first submit your appeal at the appropriate level at the institution. You have not done so or you have not provided this office with a copy of that appeal, nor have you provided a valid or acceptable reason for not following the rules.

Upon receipt of this response, you are allowed an additional 15 days from the date this response was mailed (date stamped in upper left corner) to resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure. Attach a copy of this response to your re-filed grievance.

Based on the foregoing information, your grievance is returned without action.

C. Greene

_____     _____     9/15/09
SIGNATURE AND TYPED OR PRINTED NAME     SIGNATURE OF WARDEN, ASST. WARDEN, OR     DATE
OF EMPLOYEE RESPONDING                  SECRETARY'S REPRESENTATIVE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding



PART B - RESPONSE

| COSNER, RONALD | V18581 | 0909-312-065 | R.M.C.- MAIN UNIT | J2103S |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your grievance has been received and carefully reviewed.

A review of your records indicates that you have been closely followed from the time you ingested the foreign objects. As you indicated on your grievance X-rays were taken on several occasions to monitor the bodies location and determine if they presented an imminent threat. Being on the inpatient ward afforded you additional safe guards in regular shift nursing reviews. Your case was handled in accordance with accepted medical practice. There is no evidence of deviation from protocol. The regional Utilization Management team was consulted regularly, and you were sent out for care when your symptoms warranted the referral. I can find no evidence that your attending physicians acted in any way that would constitute retaliatory action.

Based on the above facts and information, your Administrative Remedy of Appeal is being denied.

This document may contain confidential health record/care information intended for the addressee only. Unauthorized release or disclosure may violate State and Federal Law.

You may obtain further administrative review of your complaint by obtaining form DC 1-303 Request for Administrative Remedy or Appeal, completing the form, providing attachments as Required by Chapter 33-103.007, forwarding your complaint to the Bureau of Inmate Grievance Appeals, 2601 Blair stone Road, Tallahassee, FL 32399-2500.

Mr. H. Caulton, SHSA
Lake Correctional Institution

_____  _____  10/12/09
SIGNATURE AND TYPED OR PRINTED NAME   SIGNATURE OF WARDEN, ASST. WARDEN, OR   DATE
OF EMPLOYEE RESPONDING                 SECRETARY'S REPRESENTATIVE

H.W. CAULTON, CHCO, CHP
SENIOR, HSA
LAKE C.I.

| COPY DISTRIBUTION -INSTITUTION / FACILITY | COPY DISTRIBUTION - CENTRAL OFFICE |
|---|---|
| (2 Copies) Inmate | (1 Copy) Inmate |
| (1 Copy) Inmate's File | (1 Copy) Inmate's File - Inst./Facility |
| (1 Copy) Retained by Official Responding | (1 Copy) C.O. Inmate File |
| | (1 Copy) Retained by Official Responding |